CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CONNIE VAUGHAN, | ) | |
| | ) | Civil Action No. 7:05CV00252 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | By: Honorable Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and disabled widows insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423 and 42 U.S.C. §402(e), respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Connie Vaughan, was born on March 25, 1945, and eventually completed the eighth grade in school. Mrs. Vaughan has worked as a warp spooler, meat packer, dental lab driver, telemarketer, and lease picker. She last worked on a regular basis in 1999. On April 25, 2003, Mrs. Vaughan filed her applications for disability insurance benefits and disabled widow's insurance

benefits. She alleged that she became disabled for all forms of substantial gainful employment on November 30, 1999 due to nervousness, back problems, and lower stomach pain. She now alleges that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See 42 U.S.C. §§ 414 and 423. As for her application for disabled widow's insurance benefits, Mrs. Vaughan must have established that she was disabled on or before August 31, 2002, the end of the seventh year following the month in which her husband died. See 42 U.S.C. § 402(e)(4).

Mrs. Vaughan claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 7, 2005, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Vaughan suffers from chronic back pain, major depressive disorder, and panic attacks. The Law Judge assessed plaintiff's residual functional capacity as follows:

> The claimant has the following residual functional capacity: claimant is able to perform work at the medium exertional level, but needs a sit/stand option to accommodate back pain and has limited, but satisfactory ability, to perform tasks involving detailed instructions, sustained attention and concentration for extended periods of time, maintaining a work schedule and dealing with the public. (TR. 20).

Given such a residual functional capacity, the Law Judge ruled that Mrs. Vaughan can return to her past relevant work as a dental lab driver. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Vaughan has now appealed to this court.

2

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that there is substantial evidence to support the Commissioner's determination that Mrs. Vaughan did not become disabled during the period of time required for establishment of entitlement to disabled widow's insurance benefits. However, the court is unable to conclude that there is substantial evidence to support the Commissioner's final decision that plaintiff remained capable of performing substantial gainful activity at all relevant times prior to the final decision of the Commissioner. The court concludes that Mrs. Vaughan has met the burden of proof in establishing that her physical and emotional impairments combined so as to render her disabled for all forms of substantial gainful employment as of July 3, 2003.

While Mrs. Vaughan has complained of back pain for many years, the court believes that the Administrative Law Judge properly determined that plaintiff is not disabled solely on the basis of her physical problems. Dr. William Humphries completed a consultative physical evaluation on July 3, 2003. Although plaintiff voiced numerous complaints, Dr. Humphries' clinical findings were unremarkable. Indeed, other than for some notations of degenerative changes, the objective

3

diagnostic studies in this case are all negative. Dr. Humphries did observe that Mrs. Vaughan appeared to be "very depressed." (TR. 173). In addition to plaintiff's physical complaints, Dr. Humphries eventually diagnosed severe depressive disorder.

Apparently as a result of Dr. Humphries' observations, the state disability agency referred Mrs. Vaughan for psychiatric evaluation by Dr. Thomas Sarvay. Dr. Sarvay submitted a report on October 13, 2003. The psychiatrist noted clinical findings as follows:

> During the interview, the patient was cooperative, coherent, lucid and oriented in all three spheres. There was evidence of some possible mild thought disorder with patient expressing paranoid ideation when she is in public, stating that she feels that people are staring at her and "knows something is wrong with me." Speech was normal in volume and speed. There was no evidence of looseness of association or flight of ideas. Affect was extremely labile. She wept uncontrollably to a great deal of the session. Her affect and mood were extremely depressed. She appeared to be in acute distress. She also appeared significantly tensed and anxious as well as agitated as she picked her skin to the point of making one spot on her arm bloody during the session.
> (TR. 179-80).

Dr. Sarvay indicated that Mrs. Vaughan's ability to relate appropriately with others is markedly impaired and that her ability to handle stress of a normal work day is markedly impaired. He also noted marked impairment in recent memory. Dr. Sarvay diagnosed recurrent major depressive disorder and panic attacks with agoraphobia. The psychiatrist noted the following prognosis:

> The patient has shown only marginal response to antidepressant medication. Formal treatment through a mental health clinic with adequate dosing of antidepressant maybe helpful but it is doubtful that there will be a significant clinical response within the next 12 months that would render her capable of gainful employment.
> (TR 180).

4

The medical record also reflects that plaintiff has received regular mental health counseling at least since July 2003. She carries a diagnosis of moderate, recurrent major depressive disorder. In addition, her mental health clinician has noted complaints of severe and unrelenting back pain.

In summary, the court finds that the undisputed medical record establishes that Mrs. Vaughan's psychiatric impairment is so severe as to prevent performance of the work roles for which she is otherwise physically capable. The state disability agency referred plaintiff to Dr. Humphries, who noted essentially unremarkable physical findings but found Mrs. Vaughan to be profoundly depressed. As an apparent result of Dr. Humphries' observations, the state agency then referred plaintiff for psychiatric evaluation. Dr. Sarvay confirmed plaintiff's depression, and noted that her condition was so severe as to prevent regular work activity for at least 12 months. Mrs. Vaughan has continued to receive regular mental health treatment. While several state agency psychologists, who did not actually examine Mrs. Vaughan, have suggested that plaintiff's emotional condition is not disabling, the court notes that no physician or specialist who has actually seen Mrs. Vaughan has suggested that she retains sufficient emotional capacity to return to regular work activities. Under the governing administrative regulations, it is provided that the findings and opinions from a medical source who has actually examined a claimant are entitled to greater weight than those of a source who has not examined the claimant. 20 C.F.R. § 404.1527(d)(1). In this case, both Dr. Humphries and Dr. Sarvay, who were commissioned to evaluate plaintiff by the state disability agency, concluded that Mrs. Vaughan suffers from significant depression. Dr. Sarvay, the psychiatrist, indicated that plaintiff's depressive symptomatology is disabling in overall severity. The court finds that Mrs. Vaughan has met the burden of proof in establishing disability for all forms of substantial gainful employment.

5

In a memorandum in support of her motion for summary judgment, the Commissioner argues that the Administrative Law Judge properly declined to give controlling weight to the reports of Dr. Humphries and Dr. Sarvay. In addition to citing the assessments from the nonexamining state agency psychologist, the Commissioner argues that Mrs. Vaughan does not have a history of mental health treatment. However, the court again notes that shortly after she saw Dr. Humphries, Mrs. Vaughan began to participate in regular mental health counseling sessions, and that she continued such treatment at least to the time of the administrative hearing. More importantly, the court finds no evidence which would justify the Law Judge's treatment of Dr. Sarvay's report. The state disability agency found it necessary to obtain input from a psychiatric consultant based on the findings of Dr. Humphries, who saw Mrs. Vaughan for totally unrelated problems. The state disability agency chose Dr. Sarvay as the consultant. Yet, when Dr. Sarvay returned a report which was favorable to the claimant, the Administrative Law Judge chose to discredit that report. At the very minimum, if the Law Judge had reason to believe that Dr. Sarvay's findings and assessments were incomplete or inaccurate, the Law Judge had full authority to cause Mrs. Vaughan to be seen by another psychiatric consultant. See 20 C.F.R. § 404.1517, et seq. As it is, Dr. Sarvay's report is the only psychiatric assessment in Mrs. Vaughan's case. Dr. Sarvay's findings are supported by those of the mental health worker and Dr. Humphries. Based on Dr. Sarvay's report, the court concludes that Mrs. Vaughan has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

The court finds that plaintiff has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment on July 3, 2003, when she first found it necessary to seek regular mental health treatment. Inasmuch as the prescribed period for establishing

6

disability for purposes of disabled widow's insurance benefits ended as of August 31, 2002, it follows that plaintiff is not entitled to benefits under that social security program. However, the court concludes that Mrs. Vaughan has established entitlement to a period of disability and disability insurance benefits under the wage earner's disability insurance program with an onset date of July 3, 2003.

For the reasons stated, the court has found substantial evidence to support the Commissioner's denial of plaintiff's claim for disabled widow's insurance benefits. Accordingly, the final decision of the Commissioner as regards this application for benefits must be affirmed. Laws v. Celebreeze, supra. However, the court has found that the Commissioner's denial of plaintiff's claim for wage earner's disability insurance benefits is not supported by substantial evidence. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case recommitted to the Commissioner for the establishment of proper benefits. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This ___29th___ day of November, 2005.

_____
United States District Judge

7